*Filed in Open Court* dk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-116-JJF |
| | ) | |
| TYREKE SPENCER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

FILED
NOV 27 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth Beausang, Assistant United States Attorney for the District of Delaware, and the defendant, Tyreke Spencer, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into knowingly, voluntarily and intelligently by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment in the above case. Count One charges the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count One of the Indictment carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, three years supervised release, or any or all of the above, and a $100 special assessment.

2. The defendant understands that if the case proceeded to a trial, the Government would have to prove the following three elements of the offense – (1) that on or about August 14, 2007, he knowingly possessed a firearm, that is a Taurus, Model PT-111 9 mm pistol, serial number TYH26574; (2) he had previously been convicted of a felony crime punishable by more than one year's imprisonment in the Superior Court of and for the County of New Castle in the State of Delaware on or about April 30, 2001; and (3) the firearm affected interstate or foreign commerce, that is, that the firearm had previously crossed state lines or entered the United States from another

country. The defendant knowingly, voluntarily and intelligently admits his guilt to those three elements of the offense and to Count One of the Indictment in the above case and knowingly, voluntarily and intelligently desires to resolve this prosecution by pleading guilty to Count One of the Indictment in accord with the provisions of this Memorandum of Plea Agreement.

3. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a three offense level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. The defendant agrees to forfeit all interests in the firearm involved in the violation alleged in Count One of the Indictment, to wit, the Taurus, Model PT-111 9 mm pistol, serial number TYH26574, and the ammunition within its loaded magazine, which were seized in Wilmington, Delaware on or about August 14, 2007. The defendant further agrees to waive all

interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

6. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance. The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The United States Attorney reserves the right to defend any ruling of the District Court.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
Luis A. Ortiz, Esquire  
Attorney for Defendant

COLM F. CONNOLLY  
United States Attorney

By: _____  
Seth Beausang  
Assistant United States Attorney

_____  
Tyreke Spencer  
Defendant

Dated:

**AND NOW**, this __27__ day of __November__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
Honorable Joseph J. Farnan, Jr.  
United States District Judge  
District of Delaware

4